IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SALIH WILLIAMS,<br>　　PLAINTIFF,<br><br>V.<br><br>LATASHA LEE ROBINSON, and<br>STEVEN JENKINS<br>　　DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:23-cv-01015<br><br><br><br><br>JURY TRIAL DEMANDED |

**FIRST COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Salih Williams ("Williams" or "Plaintiff"), by and through its attorneys, for its Complaint against Latasha Lee Robinson and Steven Jenkins ("Robinson," "Jenkins" or "Defendants") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for copyright infringement under § 501 of the Copyright Act of 1976, as amended, and for Texas State actions under breach of contract, unjust enrichment, money had and received. This action arises out of Defendants' unauthorized violation of at least the exclusive rights of the Plaintiff as the copyright owner, pursuant to 17 U.S.C. § 106(3).

**THE PARTIES**

2. Williams is an individual who is a resident of the State of Texas, with a residential address at 342 Arrow Lane, Luling, Texas 78648.

3. On information and belief, Defendant Robinson is an individual who is a resident of the State of Texas, may be served at 2912 Tweedy Trail, Pflugerville, Texas 78660, or wherever she may be found.

1

4. On information and belief, Defendant Jenkins is an individual who is a resident of the State of Texas, may be served at 2912 Tweedy Trail, Pflugerville, Texas 78660, or wherever he may be found.

5. Collectively, Robinson and Jenkins are herein referred to as Defendants.

## JURISDICTION AND VENUE

6. This is a civil action for copyright infringement in violation of the Copyright Act of 1976, as amended, pursuant to 17 U.S.C. §101, *et seq*. ("Copyright Act"), and for Texas State actions under breach of contract, unjust enrichment, money had and received.

7. This Court has subject matter jurisdiction over Plaintiff's claims brought under the Copyright Act (17 U.S.C. §301) pursuant to 28 U.S.C. §§ 1331, 1338(a), and/or 1367(a).

8. This Court has general personal jurisdiction over the Defendants as, upon information and belief, they permanently reside in this District and the State of Texas.

9. Venue in this Judicial District is proper under 28 U.S.C. §§1391 and 1400, given that a substantial part of the acts, omissions, and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Texas and this Judicial District.

## FACTUAL BACKGROUND

10. Williams is an artist and music producer, who has been creating and selling music since 1992.

11. In 2005, Williams produced two platinum records, one gold record, and multiple music placement in major motion pictures such "Hustle and Flow", "Queen and Slim", and Grandma's Boy" to name but a few.

12. In 2005, Plaintiff and Robinson met and began dating.

13. In 2010, Plaintiff began producing music for Robinson.  Plaintiff and Robinson operated

under an oral contract, with terms that Plaintiff was to be at least her producer, manager, and music director.

14. In 2010, Williams created a TuneCore account to manage distribution of music written and produced by Williams, and to which Williams held the copyrights for sound recording, lyrics, and music. The TuneCore accounts was also created for the management of the funds made from that distribution. Williams orally agreed to pay Defendant Robinson 50% of the income produced through TuneCore from her performance of these songs. Both Williams and Defendant Robinson retained access to the TuneCore account throughout this time.

15. By 2016, 40 recordings and music videos had been released by Williams through TuneCore, which resulted in approximately $3,000 in revenue each week. Williams and Defendant Robinson were married in September 2018. By 2020, another 27 music videos were released through TuneCore. At this time, the TuneCore account was accruing $14,000 per month from the music released by Plaintiff.

16. Williams and Defendant Robinson utilized a financial services company called Payoneer to transfer monies, accumulated by TuneCore for the distribution, marketing, and sale of the music posted by Williams, to a PayPal account. Williams established the credentials for the Payoneer account. Williams and Defendant Robinson had access to the PayPal credentials. Plaintiff and Defendant Robinson would each take 50% to deposit into their personal bank accounts.

17. In October, 2021 Defendant Robinson filed for divorce and subsequently began dating Defendant Jenkins. Three months later, Defendant Robinson changed the password on TuneCore, locking Williams out of the account and cutting off access to the copyrighted material and any distribution of the material.

18. On or around, March 2023, new Payoneer and PayPal accounts were created by Defendants

to receive the money from TuneCore.  Williams has not received any money since then.  From approximately March 2023, until the current date Defendants have been in control of the copyrighted material distributions through TuneCore, and all revenue from the copyrighted material.

19. Plaintiff owns all right, title and interest in the musical works.  Plaintiff owns the registered copyrights of the relevant works, effective dates July 2023.  True and correct copy of the registration certificates for the musical works are attached hereto as Exhibit A.

20. Plaintiff submitted a DMCA to TuneCore for Defendants infringement on August 9, 2023.

21. On information and belief, Defendant Jenkins has been a responsible party, having been substantially involved, along with Defendant Robinson, in the changing of all of the accounts and account access.

## COUNT 1 – COPYRIGHT INFRINGEMENT

22. Under the Copyright Act, the owner of a copyright has the exclusive right to distribute copies or phonorecords of the copyrighted work, along with many others. 17 U.S.C. §106.  To state a claim for infringement of these rights, Plaintiff must establish that he owns a valid copyright in the works and that defendant has violated one of the owners' exclusive rights. *Twin Peaks Prods., Inc. v. Pub'ns Int'l, Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993).  Courts have held that electronic file transfers are a distribution within the meaning of § 106(3). *Capitol Records, LLC v. ReDigi Inc.*, 934 F.Supp.2d 640, 650 (N.Y.S.D. 2013); *Arista Records LLC v. Greubel*, 453 F.Sup..2d 961, (Tx.N.D. 2006)

23. Williams has written and produced multiple musical works, and is the owner of the registered copyrights of those works, as provided herein as **Exhibit A**.

24. Without permission or consent from Williams, Defendants took control of the TuneCore

4

account, and established separate Payoneer accounts and PayPal accounts, and thus are participating in electronic transfers of copyrighted material by controlling the availability of the musical works in electronic files. Defendants are responsible for the distribution of the material because they are in control of allowing the musical works to be distributed to TuneCore, which further distributes to customers. Under the copyright act, the copyright owner has the exclusive right to control the distribution of their copyrights. And under 17 USC § 501(a), "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 … is an infringer of the copyright." Plaintiff has no control of the distribution rights through TuneCore due to Defendants' improper acts of taking over the TuneCore account and eliminating Williams from the process.

25. Williams has notified Defendants that Defendants have infringed and are continuing to infringe the copyrights of Williams at least of the works described in **Exhibit A**, and Defendants have continued to infringe Williams' copyrights. Defendants have no independent rights in the musical works. Plaintiff never authorized Defendants to use the works independently on TuneCore, or to take sole control of any of the accounts.

26. The infringement of Williams' rights in each of his copyrighted works constitutes a separate and distinct act of infringement.

27. Defendant's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Williams.

28. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs'

election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Defendants' profits from infringement, in amounts to be proven at trial.

29. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

30. Defendants' conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT 2 – BREACH OF CONTRACT

31. A breach of contract claim requires (i) a valid contract existed between plaintiff and defendant (ii) plaintiff tendered performance (iii) defendants breached the terms of the contract and (iv) plaintiff was damaged by the breach. *Beverick v. Kock Power, Inc*., 186 S.W.3d 145,150 (Tex. App.—Houston [1st Dist.] 2005, pet. Denied)  A valid oral contract requires offer, acceptance, meeting of the minds, communication that each party consented to terms and consideration. *Lopez v. Bucholz*, 2017 Tex. App. LEXIS 3071 (Tex. App. — Austin 2017)  A meeting of the minds can be evidenced from conduct and course of dealing. *McAllen Hospitals, LP v. Lopez*, 576 S.W.3d 389, 392 (Tex. 2019).

32. Williams and Robinson had a longstanding agreement that Williams was to be songwriter, lyricist, singer, producer, *etc.*, and would pay Defendant Robinson for singing and recording Williams' songs.  The terms of this oral contract are clearly indicated by the parties' course of prior performance and course of dealing, and clearly established the basis for this ongoing contract. There was offer and acceptance through discussions indicating Williams would continue to be

producer and manager, while Defendant Robinson sang Williams' music and received payment for the same. Consideration was paid as Defendant Robinson from the proceeds of the musical works released through TuneCore. The parties mutually agreed to the joint use of the TuneCore account and disbursement through PayPal. The agreement was performed for a decade without any problems, indicating there was sufficient meeting of the minds and communications to indicate an ongoing contract.

33. There being a valid oral contract between Williams and Defendant Robinson, the initial breach arose in 2021, when Robinson changed the password of TuneCore which blocked Williams from accessing the account. TuneCore continued to deposit monies into the Payoneer account and then transfer those monies to the PayPal account. Each party would withdraw their 50% share of the income earned from the TuneCore account.

34. On or about February 2023, Defendant Robinson established her own Payoneer account and PayPal account and began directing all income from the TuneCore account to her Payoneer account and PayPal account. Defendant Robinson cut off all income to Williams that was generated from the TuneCore account.

35. Williams had performed the contract by producing music for Robinson and paying her for the use of her voice. Furthermore, Williams has been severely damaged by this material breach, all income from the TuneCore account has been diverted to Defendant Robinson's accounts. Williams may no longer access or control the musical works or distributions through TuneCore.

36. Because the parties had a mutual agreement, and because Williams had fully performed, and because Robinson materially breached the contract by diverting all control and funds to herself, Robinson has breached the oral contract and has and continues to damage Williams.

## COUNT 3 – UNJUST ENRICHMENT

37. A plaintiff may recover under an unjust enrichment theory when a person has obtained a benefit from another by taking undue advantage of another. *Heldenfels Bros., inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)  Unjust enrichment is applicable when a party receiving benefits would be unjustly enriched if permitted to retain the benefits at the expense of another. *Id*.

38. Through information and belief, Defendants have created new Payoneer and PayPal accounts and has directed all the money from the TuneCore account to those new accounts, depriving Williams of his 50% share of the proceeds.  Accordingly, Defendants are unjustly enriched because they have retained months' worth of benefits, including but not limited to the direct revenue from TuneCore, at the expense of Williams. Williams is entitled to 50% of the income from TuneCore, but has received nothing since Defendants' took control.  Defendants have and continue to retain 100% of the income from TuneCore, to the detriment of Williams.  Because Defendants' have taken all income from the TuneCore account, which was partially to be distributed to Williams according to an oral contract, Defendants' are unjustly enriched.

## COUNT 4 - MONEY HAD AND RECEIVED

39. To prove a claim for money had and received, plaintiff must show that defendant holds money which in equity and good conscience belongs to him. *United My Funds, LLC v. Mubaidin*, 2021 WL 5765274 (5th Cir. 2021).

40. Under the longstanding agreement between Williams and Robinson, the income from TuneCore was to be split evenly between the two.  For over ten years, Williams was paying Robinson for use of her voice, and retained his due income for producing and managing the musical works.  After Robinson took sole control of the TuneCore account without authority to do so, Williams stopped receiving money to his personal bank account.  Upon information and belief,

8

Defendants created an independent Payoneer and PayPal account which has taken all funds without distributing any to Williams. Therefore, upon this belief, Defendant is retaining money that in equity belongs to Williams.

## JURY DEMAND

41. Williams hereby requests a trial by jury on all matters to which it is entitled pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. that Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501);

2. that Defendant's conduct as alleged has been willful, wanton, and reckless, acting with oppression, fraud, and/or malice and with continued conscious disregard of Williams' rights and applicable law;

3. granting an injunction permanently enjoining defendant, and defendant's agents and servants from infringing the copyright of plaintiff in any manner and from publishing, selling, marketing, or otherwise disposing of any copies of the musical works involved in this suit;

4. order defendant be required to pay to plaintiff the damages plaintiff has sustained in consequence of defendant's infringement of the copyright, breach of contract, unjust enrichment, money had and received, and to account for gains, profits, and advantages derived by defendant by the infringement of plaintiff's copyright or the damages that the court deems proper within the provisions of the copyright statutes;

5. That defendant pay to plaintiff the costs of this action and reasonable attorney's fees to be allowed to the plaintiff by the court under Tex. Civ. Prac. & Rem. Code § 38.001; and

6. awarding such other and further relief as this Court deems just and proper.

DATED this 28th day of November, 2023.

                                              Respectfully submitted,

                                              /s/ Artie Pennington
                                              Artie Pennington
                                              State Bar No. 24090324
                                              aap@artiepenningtonlaw.com
                                              Artie Pennington Law Offices, PLLC
                                              154 Elmhurst Dr., Ste. B
                                              Kyle, TX 78640
                                              Phone: (512) 646-0475
                                              Fax: (512) 233-2699

                                              ATTORNEYS FOR PLAINTIFF